IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DONALD ROESSLER, et al.,            :
                                    :
              Plaintiffs,           :
                                    :     CIVIL ACTION
        v.                          :     NO.: 99-141
                                    :
NATIONWIDE MUTUAL INSURANCE         :
COMPANY                             :
              Defendant.            :
                                    :

## O R D E R

**AND NOW**, this            day of                , 2004, upon consideration

of the parties' Joint Settlement Administration Status Final Report and Petition to Close,

It is hereby **ORDERED** and **DECREED** that the Settlement Administration having

been concluded and distribution from the Settlement Fund of all payments approved by this

Court having been made, the balance of all monies in the Settlement Fund shall revert and be

disbursed to Nationwide Mutual Insurance Company, at which time this matter shall be

ended, and the Clerk shall CLOSE this case statistically.

**AND IT IS SO ORDERED.**


_____
**EDUARDO C. ROBRENO, JUDGE**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD ROESSLER, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION |
| vi. | : | NO.: 99-141 |
| | : | |
| NATIONWIDE MUTUAL INSURANCE | : | |
| COMPANY | : | |
| Defendant. | : | |

## PARTIES' JOINT SETTLEMENT ADMINISTRATION STATUS FINAL REPORT AND PETITION TO CLOSE

Donald R. Roessler, Leona T. Roessler, Robert Donahue, Jr. and Diane Donahue, (collectively "Class Plaintiffs" or "Plaintiffs"), and Defendants Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company (collectively "Nationwide") by their attorneys, hereby file this Joint Settlement Administration Status Final Report and Petition to Close and move this Honorable Court for an entry of an Order authorizing the balance of all monies in the Roessler Settlement Fund Escrow Account ("Settlement Fund") to revert to and be disbursed to Nationwide, at which time this matter shall be ended, and the Clerk shall CLOSE this case statistically, and in support thereof, aver as follows:

1.     Plaintiffs in the present action sought recovery of contractual and extra-contractual benefits in connection with the alleged failure to provide benefits under a "homeowners policy" issued by the Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company and any other Nationwide company conducting the business of insurance in the Commonwealth of Pennsylvania (collectively "Nationwide"). The named two sets of husband and wife plaintiffs alleged that the cause of action arose out of damages that occurred in December of 1997 to their homes. They sought damages on their own behalf and on behalf of a class of persons similarly situated.

2

2.      The Parties proposed to settle the matter and secure a Court-approved settlement class.  Several stipulations of settlement were filed with the Court, and on January 29, 2002, the Court issued an Order preliminarily approving class settlement.

3.      On March 28, 2002, a Fairness Hearing was conducted.

4.      On June 6, 2002, the Court entered its Final Judgment and Order finally approving the settlement and dismissing the action with prejudice.  A true and correct copy of the Court's June 6, 2002 Order is attached hereto, made a part hereof and incorporated by reference herein as Exhibit "A" .

5.      The Court's June 6, 2002 Order:  (1) approved the settlement as outlined in the Fourth Amended Stipulation of Settlement ("Stipulation of Settlement"), as fair, reasonable and adequate to the Class; (2) concluded that notice was given in compliance with the Court's prior Order, was the best notice practicable, and satisfied the requirements of Federal Rule of Civil Procedure 23(c) and 23(d), and due process; (3) dismissed with prejudice and on the merits (and released Nationwide, its officers, agents and employees) from all class members' claims that were asserted or that could have been asserted whether known or unknown; and (4) awarded each of the two class representative couples $2,500.00. A true and correct copy of the Fourth Amended Stipulation of Settlement is attached hereto, made a part hereof and incorporated by reference herein as Exhibit "B".

6.      The approved settlement provided for the mailing of Class Notice and Claim Forms to all identified putative class members, who then could submit their claims for review and determination.

7.      Pursuant to the terms of the Stipulation of Settlement, Nationwide deposited $6.15 million into a Settlement Fund established with Premier Bank.  The Settlement Fund was established for the payment of qualified class member claims, the costs of administration

and counsel fees.  The Settlement Fund is an interest bearing escrow account, with accrued interest becoming part of the Settlement Fund.

8.      Pursuant to the terms of the Stipulation of Settlement, the parties appointed a Claims Administrator, Claims Adjudicator and Claims Arbitrator.  The Claims Administrator was responsible for the mailing of class notice and review and initial determinations of claim submissions.  The Claims Adjudicator was responsible for the review of rejected claims, issuing determinations affirming or reversing denials of the Claims Administrator.  The Claims Arbitrator was responsible for reviewing any appeals by the class members or Nationwide.

9.      Pursuant to the Stipulation of Settlement, the completed settlement administration may be summarized as follows:

        (a)      71,843 Notices and Claim Forms were mailed to potential class members on February 28, 2002.

        (b)      2,697 Claim Forms were submitted.

        (c)      153 Claims were determined to be eligible for payment.

        (d)      2,544 "ineligible or deficient" claims were submitted to the Claims Adjudicator for review.

        (e)      198 of the denied claims were reversed by the Claims Adjudicator.

        (f)      96 appeals were taken, 18 of which were reversed by the Claims Arbitrator.

10.     On December 23, 2003, 369 settlement checks were mailed to qualified class members in payment of approved claims, totaling $505,212.77.

11.     Following a January 29, 2004 hearing, the Court issued Orders on January 29, 2004, providing as follows:

4

(a)     Plaintiffs' Petition for Award of Attorney's Fees and Costs and Approval of Incentive Award for Class Representative denied in part and granted in part, ordering payment of:

Attorneys' fees in the amount of $1,537,500.00, and

Costs and expenses in the amount of $7,886.84.

(b)     Joint Motion to Pay Interim Fees and Costs of Claims Administrator granted, ordering payment of $394,769.13 to The Garden City Group, Inc.

(c)     Joint Motion to Pay Interim Fees and Costs of Claims Adjudicator granted, ordering payment of fees and costs in the amount of $137,701.25 to Harris T. Bock, Esquire.

(d)     Joint Motion to Pay Interim Fees and Costs of Claims Arbitrator granted, ordering payment in the amount of $18,181.50 to John Kosherzenko.

True and correct copies of the Court's January 29, 2004 Orders are attached hereto, made a part hereof and incorporated by reference herein as Exhibits "C" through "F".

12.     At the time of the January 29, 2004 hearing, the parties agreed that to the extent any additional fees and expenses were incurred by the Claims Administrator, Claims Adjudicator and/or Claims Arbitrator since the time of submission of the Joint Motions to Pay Interim Fees and Costs, said additional monies would be paid from the Settlement Fund.

13.     On February 4, 2004, Nationwide, pursuant to the Court's January 29, 2004 Orders, issued checks from the Roessler Settlement Fund as follows:

(a)     $2,500.00 payable to Donald R. and Leona T. Roessler, h/w for incentive award to named class representatives.

5

(b)     $2,500.00 payable to Robert and Diane Donahue, h/w for incentive award to named class representatives.

(c)     $768,750.00 payable to Jonathan Wheeler, P.C. for attorneys' fees.

(d)     $4,625.94 payable to Jonathan Wheeler, P.C. for costs and expenses.

(e)     $768,750.00 payable to Zenstein & Gallant, P.C. for attorneys' fees.

(f)     $3,260.90 payable to Zenstein & Gallant, P.C. for costs and expenses.

(g)     $18,181.50 payable to McShea Associates, Inc. for Claims Arbitrator (Mr. John Kosherzenko) fees and expenses.

(h)     $152,568.00 payable to the Dispute Resolution Institute for Claims Adjudicator (Harris T. Bock, Esquire) fees and expenses.

(i)     $414,060.50 payable to The Garden City Group, Inc. for Claims Administrator fees and expenses.

The payment to the Dispute Resolution Institute included an additional $14,866.75 to the interim award of $137,701.25 representing fees and expenses incurred from October 29, 2003 to January 29, 2004. The payment to The Garden City Group, Inc. included an additional $19,291.44 to the interim award of $394,769.13 representing fees and expenses incurred from October 1, 2003 to January 31, 2004.

14.     The Stipulation of Settlement, in Section E. Distribution of the Settlement Fund, provides as follows:

1.     On or after the Effective Date, the Settlement Fund shall be applied as follows:
a.     Subject to the approval and further order(s) of the Court and to the extent allowed by the Court to pay: (i) counsel for plaintiffs' for their fees, costs and expenses, (ii) the Claims Adjudicator their fees, costs and expenses, (iii) the Claims Arbitrator their fees, costs and expenses;
b.     To pay the notice and administration costs described in Paragraph D (1) above;
c.     After the payment of all fees and costs described in Paragraph E (1)(a) and (b) above to pay Class Members their

6

pro-rata share of each total outstanding claim as established pursuant to the Proof of Claim Forms/Certifications.

d.      **All remaining monies, if any, following payments described in Paragraph E (1)(a)-(c) above shall revert to Nationwide.** (emphasis added)

15.     Pursuant to the Court's June 6, 2002 Final Judgment and Order and the Court's January 29, 2004 Orders, and the terms of the Stipulation of Settlement, the parties report to the Court the completion of the required distributions from the Settlement Fund in connection with the settlement and conclusion of this class action matter as follows:

      (a)      Payment, including interest, in the amount of $505,212.77 has been made to qualified class members whose claims were approved;

      (b)      Payment in the amount of $5,000.00 has been made to the class representatives ($2,500.00 to each of the named plaintiff couples);

      (c)      Payment in the amount of $1,545,386.85 has been made to plaintiffs' counsel for fees and reimbursement of costs and expenses;

      (d)      Payment in the amount of $18,181.50 has been made to the Claims Arbitrator for fees and expenses;

      (e)      Payment in the amount of $152,568.00 has been made to the Claims Adjudicator for fees and expenses;

      (f)      Payment in the amount of $414,060.50 has been made to the Claims Administrator for fees and expenses;

16.     The Settlement Fund balance, inclusive of interest, following the aforementioned payments, totals $3,554,529.02 as of February 29, 2004.  A true and correct copy of the Statement of Accounts is attached hereto, made a part here of and incorporated by referenced herein  as Exhibit "G".

17.     The parties have agreed to maintain a balance of approximately $50,000.00 in the Settlement Fund for the remainder of 2004 in order to address any unforeseen claims-

related issues, miscellaneous administration expenses and 2004 Federal Income Taxes (collectively "miscellaneous administrative expenses").

18.     Pursuant to the Court's June 6, 2002 Final Judgment and Order and the Stipulation of Settlement, all remaining monies in the Settlement Fund, less any miscellaneous administrative expenses, revert to Nationwide and accordingly will be disbursed to Nationwide, and the Settlement Fund Escrow Account subsequently closed.

**WHEREFORE,** in view of the conclusion of the settlement of this class action matter as set forth in this Joint Settlement Administration Status Final Report, the parties respectfully request the Court to issue an Order approving the conclusion of the settlement, authorizing the disbursement of the balance of monies in the Settlement Fund to Nationwide and requesting the clerk CLOSE this case statistically.

Respectfully submitted,

BY: _____
JONATHAN WHEELER, ESQUIRE
1617 JFK Boulevard, Suite 1270
Philadelphia, PA  19103
(215) 568-2900
Attorney I.D. No.: 12649
Counsel for Plaintiffs, Donald Roessler and
Leona Roessler, h/w

BY: _____
JOSEPH A. ZENSTEIN, ESQUIRE
Noble Plaza, Suite 217
801 Old York Road
Jenkintown, PA  19046
(215) 885-8800
Attorney I.D. No.: 62349
Counsel for Plaintiffs, Robert Donahue and
Diane Donahue, h/w

BY: _____
JAMES C. HAGGERTY, ESQUIRE
Swartz, Campbell & Detweiler
1601 Market Street, 34th Floor
Philadelphia, PA  19103
(215) 564-5190
Attorney I.D. No.: 30003

8

Counsel for Nationwide

BY: _____
ROBERT T. HORST, ESQUIRE
Nelson, Levine, de Luca & Horst
Four Sentry Parkway, Suite 300
Blue Bell, PA  19422
(610) 862-6580
Attorney I.D. No.:  62600
Counsel for Nationwide

Dated:

9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD ROESSLER, et al., | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION |
| vii. | : | NO.: 99-141 |
| | : | |
| NATIONWIDE MUTUAL INSURANCE | : | |
| COMPANY | : | |
| Defendant. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF PARTIES' JOINT SETTLEMENT ADMINISTRATION STATUS FINAL REPORT AND PETITION TO CLOSE

### I.    INTRODUCTION

The present action seeks recovery of contractual and extra contractual benefits in connection with the alleged failure to provide property damage benefits under homeowners policies issued by the Defendants Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company and any other Nationwide company conducting the business of insurance in the Commonwealth of Pennsylvania (collectively "Nationwide"). The named two sets of husband and wife plaintiffs alleged that the cause of action arose out of damages that occurred in December of 1997 to their two homes. They sought damages on their own behalf, and on behalf of a class of persons similarly situated.

The parties proposed to settle the matter and secure a Court-approved settlement class. On January 29, 2002, on Joint Motion for Conditional Class Certification and Preliminary Approval of Settlement, the Court issued an Order preliminarily approving the Class Settlement. Several amended stipulations of settlement were filed with the Court; and on June 6, 2002, the Court entered its Final Judgment and Order finally approving the settlement as set forth in the Fourth Amended Stipulation of Settlement ("Stipulation of Settlement") and dismissing the action with prejudice.

The Court's June 6, 2002 Order:  (1) approved the settlement as outlined in the Fourth Amended Stipulation of Settlement as fair, reasonable and adequate to the Class; (2) concluded that notice was given in compliance with the Court's prior Order, was the best notice practicable, and satisfied the requirements of Federal Rule of Civil Procedure 23(c) and 23(d), and due process; and (3) dismissed with prejudice and on the merits (and released Nationwide, its officers, agents and employees) from all class members' claims that were asserted that could have been asserted whether known or unknown; and (4)  awarded each of the two class representative couples $2,500.00.

The Stipulation of Settlement, as approved by the Court, defined the Settlement Class as follows:

> ALL HOMEOWNERS LOCATED WITHIN THE COMMONWEALTH OF PENNSYLVANIA, INSURED UNDER POLICIES OF INSURANCE ISSUED BY NATIONWIDE MUTUAL FIRE INSURANCE COMPANY OR ITS SUBSIDIARIES AND AFFILIATES, WHICH WERE IN EFFECT ON OR AFTER DECEMBER 20, 1992, WHO HAVE SUBMITTED CLAIM OR CLAIMS FOR PROPERTY DAMAGE TO THEIR PENNSYLVANIA HOMES AS A RESULT OF A LOSS CAUSED BY WATER OR STEAM ORIGINATING FROM A SYSTEM OR APPLIANCE (AND WHERE THE OCCURRENCE CAUSING THE  LOSS TOOK PLACE ON OR AFTER DECEMBER 20, 1992) WHEREIN NATIONWIDE REFUSED TO PAY BENEFITS BASED UPON APPLICATION OF ENDORSEMENT 3358 AND/OR 3358-A OF THE HOMEOWNERS POLICY OF INSURANCE.

See Exhibit "B."

## II.    FINAL STATUS OF SETTLEMENT ADMINISTRATION

### A.    Administration Process

The approved settlement provided for the mailing of Class Notice and Claim Forms to all identified putative class members, who then could submit their claims for review and determination.

2

Pursuant to the terms of the Stipulation of Settlement, Nationwide deposited $6.15 million into a Settlement Fund established with Premier Bank. The Settlement Fund was established for the payment of qualified class member claims, the costs of administration and counsel fees. The Settlement Fund is an interest bearing escrow account, with accrued interest becoming part of the Settlement Fund.

Pursuant to the terms of the Stipulation of Settlement, the parties appointed a Claims Administrator, Claims Adjudicator and Claims Arbitrator. The Claims Administrator was responsible for the mailing of class notice and review and initial determinations of claim submissions. The Claims Adjudicator was responsible for the review of rejected claims, issuing determinations to affirm or reverse denials of the Claims Administrator. The Claims Arbitrator was responsible for reviewing any appeals by the class members or Nationwide.

**B.     Claims Submissions and Determinations and Class Member Payments**

Pursuant to the Stipulation of Settlement, settlement administration may be summarized as follows:

- 71,843 Notices and Claim Forms were mailed to potential class members on February 28, 2002.

- 2,697 Claim Forms were submitted.

- 153 Claims were determined to be eligible for payment.

- 2,544 "ineligible or deficient" claims were submitted to the Claims Adjudicator for review.

- 198 of the denied claims were reversed by the Claims Adjudicator.

- 96 appeals were taken, 18 of which were reversed by the Claims Arbitrator

On December 23, 2003, 369 settlement checks were mailed to qualified class members and payment of approved claims, totaling $505,212.77.

## C.      Approved Administration Fees and Expenses

Pursuant to the Stipulation of Settlement, the parties, on November 26, 2003, filed Joint Petitions for Interim Fees and Costs in connection with the Claims Administrator, Claims Adjudicator and Claims Arbitrator.  On November 26, 2003, class counsel filed their Petition for an Award of Attorneys' Fees, Reimbursement of Litigation Costs and Expenses, and Approval of Incentive Award to Class Representatives.

Following a January 29, 2004 hearing, the Court issued Orders on January 29, 2004, providing as follows:

(1)      Plaintiffs' Petition for Award of Attorney's Fees and Costs and Approval of Incentive Award for Class Representative denied in part and granted in part, ordering payment of:

Attorneys' fees in the amount of $1,537,500.00, and

Costs and expenses in the amount of $7,886.84.

(2)      Joint Motion to Pay Interim Fees and Costs of Claims Administrator granted, ordering payment of $394,769.13 to The Garden City Group, Inc.

(3)      Joint Motion to Pay Interim Fees and Costs of Claims Adjudicator granted, ordering payment of fees and costs in the amount of $137,701.25 to Harris T. Bock, Esquire.

(4)      Joint Motion to Pay Interim Fees and Costs of Claims Arbitrator granted, ordering payment in the amount of $18,181.50 to John Kosherzenko.

At the time of the January 29, 2004 hearing, the parties agreed to that the extent any additional fees and expenses were incurred by the Claims Administrator, Claims Adjudicator

4

and/or Claims Arbitrator since the time of submission of the Joint Motions to Pay Interim Fees and Costs, said additional monies would be paid from the Settlement Fund.

     **D.**    **Payment of Class Counsel and Administration Fees and Expenses**

On February 4, 2004, Nationwide, pursuant to the Court's January 29, 2004 Orders, issued checks from the Roessler Settlement Fund as follows:

     (1)    $2,500.00 payable to Donald R. and Leona T. Roessler, h/w for incentive award to named class representatives.

     (2)    $2,500.00 payable to Robert and Diane Donahue, h/w for incentive award to named class representatives.

     (3)    $768,750.00 payable to Jonathan Wheeler, P.C. for attorneys' fees.

     (4)    $4,625.94 payable to Jonathan Wheeler, P.C. for costs and expenses.

     (5)    $768,750.00 payable to Zenstein & Gallant, P.C. for attorneys' fees.

     (6)    $3,260.90 payable to Zenstein & Gallant, P.C. for costs and expenses.

     (7)    $18,181.50 payable to McShea Associates, Inc.  for Claims Arbitrator (Mr. John Kosherzenko) fees and expenses.

     (8)    $152,568.00 payable to the Dispute Resolution Institute for Claims Adjudicator (Harris T. Bock, Esquire) fees and expenses.

     (9)    $414,060.50 payable to The Garden City Group, Inc. for Claims Administrator fees and expenses.

Payment to the Dispute Resolution Institute included an additional $14,866.75 to the interim award of $137,701.25 representing fees and expenses incurred from October 29, 2003 to January 29, 2004.  The payment to The Garden City Group, Inc. included an additional $19,291.44 to the interim award of $394,769.13 representing fees and expense incurred from October 1, 2003 to January 31, 2004.

The Stipulation Settlement, in Section E. <u>Distribution of the Settlement Fund</u>, provides as follows:

> On or after the Effective Date, the Settlement Fund shall be applied as follows:
>
> (a)    Subject to the approval and further order(s) of the Court and to the extent allowed by the Court to pay: (i) counsel for plaintiffs' for their fees, costs and expenses, (ii) the Claims Adjudicator their fees, costs and expenses, (iii) the Claims Arbitrator their fees, costs and expenses;
>
> (b)    To pay the notice and administration costs described in Paragraph D (1) above;
>
> (c)    After the payment of all fees and costs described in Paragraph E (1)(a) and (b) above to pay Class Members their pro-rata share of each total outstanding claim as established pursuant to the Proof of Claim Forms/Certifications.
>
> **(d)    All remaining monies, if any, following payments described in Paragraph E (1)(a)-(c) above shall revert to Nationwide.** (emphasis added)

## E.    Summary of Distributions and Conclusion of Administration

Pursuant to the Court's June 6, 2002 Final Judgment and Order and the Court's January 29, 2004 Orders, and the terms of the Stipulation of Settlement, the parties report to the Court the completion of the required distributions from the Settlement Fund in connection with the settlement and conclusion of this class action matter as follows:

- Payment, including interest, in the amount of $505,212.77 has been made to qualified class members whose claims were approved;

- Payment in the amount of $5,000.00 has been made to the class representatives ($2,500.00 to each of the named plaintiff couples);

- Payment in the amount of $1,545,386.85 has been made to plaintiffs' counsel for fees and reimbursement of costs and expenses;

- Payment in the amount of $18,181.50 has been made to the Claims Arbitrator for fees and expenses;

- Payment in the amount of $152,568.00 has been made to the Claims Adjudicator for fees and expenses;

- Payment in the amount of $414,060.50 has been made to the Claims administrator for fees and expenses.

The Settlement Fund balance, inclusive of interest, following the aforementioned payments, totals $3,554,529.02 as of February 29, 2004.  The parties have agreed to maintain a balance of approximately $50,000.00 in the Settlement Fund for the remainder of 2004 in order to address any unforeseen claims-related issues, miscellaneous administration expenses and 2004 Federal Income Taxes (collectively "miscellaneous administration expenses").  All remaining monies in the Settlement Fund, less any miscellaneous administrative expenses, revert to Nationwide and accordingly will be disbursed to Nationwide, and the Settlement Fund Escrow Account closed.

In view of the conclusion of the settlement of this class action matter as set forth in this Joint Settlement Administration Status Final Report, the parties respectfully request the Court to issue an Order approving the conclusion of the settlement, authorizing the disbursement of the balance of monies in the Settlement Fund to Nationwide and requesting the clerk CLOSE this case statistically.

Respectfully submitted,

BY: _____
JONATHAN WHEELER, ESQUIRE
1617 JFK Boulevard, Suite 1270
Philadelphia, PA  19103
(215) 568-2900
Attorney I.D. No.:  12649
Counsel for Plaintiffs, Donald Roessler and
Leona Roessler, h/w

BY: _____
JOSEPH A. ZENSTEIN, ESQUIRE
Noble Plaza, Suite 217
801 Old York Road
Jenkintown, PA  19046

7

(215) 885-8800
Attorney I.D. No.: 62349
Counsel for Plaintiffs, Robert Donahue and
Diane Donahue, h/w

BY: _____
JAMES C. HAGGERTY, ESQUIRE
Swartz, Campbell LLC
1601 Market Street, 34th Floor
Philadelphia, PA  19103
(215) 299-4314
Attorney I.D. No.: 30003
Counsel for Nationwide

BY: _____
ROBERT T. HORST, ESQUIRE
Nelson, Levine, de Luca & Horst
Four Sentry Parkway, Suite 300
Blue Bell, PA  19422
(610) 862-6580
Attorney I.D. No.: 62600
Counsel for Nationwide

Dated:

8